IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELKLAND HOLDINGS LLC,

              Plaintiff,

v.                                            CIVIL ACTION NO.   2:14-cv-27210

EAGLE MINING LLC, et al.,

              Defendants.


**MEMORANDUM OPINION AND ORDER**

      On February 1, 2009, Plaintiff Elkland Holdings, LLC ("Elkland") and Defendant Eagle Mining, LLC ("Eagle") entered into a contract under which Eagle, a mining contractor, agreed to mine coal reserves in Boone County, West Virginia, on behalf of Elkland, which owns leases to the coal reserves.  The contract contains a provision subjecting disputes arising out of the contract to arbitration.[1]

      Elkland filed a Complaint in this Court on October 23, 2014, alleging that Eagle breached its reclamation obligations under the contract.  The Complaint alleges that Eagle was

---

[1] That provision provides, in pertinent part:

"<u>Arbitration</u>.  Any controversy, claim or need for interpretation arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, including the Emergency Interim Relief Procedures, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.  Any such arbitration shall be conducted by one arbitrator at a site mutually acceptable to the parties in Charleston, West Virginia."

(ECF 1-1 at 33.)

1

contractually required to complete reclamation activities at Elkland's Cook Mountain Reserves once mining was complete and that Eagle refused to complete the reclamation process; that Eagle failed to pay the monthly premiums for certain reclamation bonds, causing Elkland to pay $65,496 in premiums on the bonds for the months of December 2013 through July 2014; that Elkland anticipates that it will be required to pay additional monthly premiums for the reclamation bonds; and that Elkland anticipates that the total cost of reclamation and other obligations that Eagle has repudiated will exceed $19 million.

In addition to Eagle, the Complaint also names as defendants Davis & Burton Contractors, Inc. ("Davis & Burton")—who entered into the contract as the guarantor of Eagle's performance—and Cheryl Davis ("Davis") and James E. Moore ("Moore")—the members of Eagle. Count I alleges a breach of contract by Eagle. Count II seeks set-off against any monetary judgment entered in favor of Eagle and against Elkland in a related consolidated action to confirm or partially vacate or modify an arbitration award.[2] Count III alleges guarantor liability by Davis & Burton for Eagle's alleged breach of contract. Count IV seeks to pierce Eagle's corporate veil and hold its members, Moore and Davis, personally liable.

## I. MOTION FOR ENTRY OF DEFAULT

Davis & Burton, which is named only in Count III, has apparently not yet been served in this action. On December 5, 2014, Elkland moved for entry of default against Davis & Burton for failure to plead or otherwise defend the Complaint filed by Elkland. One week later, Elkland moved to withdraw its motion for entry of default [ECF 28], noting that, subsequent to

---

[2] *See Elkland Holdings, LLC v. Eagle Mining, LLC*, No. 2:14-cv-15043 (S.D.W. Va. filed Apr. 18, 2014) (lead case); *Eagle Mining, LLC v. Elkland Holdings, LLC*, No. 2:14-cv-22776 (S.D.W. Va. filed July 14, 2014) (member case).

filing its motion for entry of default, Elkland received notice that the summons and Complaint that Elkland had served on Davis & Burton were returned as undeliverable. For good cause shown, the Court **GRANTS** Elkland's motion to withdraw its motion for entry of default [ECF 28] and **DENIES AS MOOT** Elkland's motion for entry of default [ECF 22].

## II. MOTIONS TO DISMISS AND TO COMPEL ARBITRATION

On November 21, 2014, Davis and Moore filed a motion to dismiss Count IV for failure to state a claim under F. R. Civ. P. 12(b)(6). (ECF 18.) On the same day, Eagle moved for the Court to dismiss Counts I and II pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) and to compel arbitration pursuant to 9 U.S.C. § 4. (ECF 20.) Elkland filed a response to both motions on December 12, 2014. (ECF 27.)[3] In it, Elkland agreed with Eagle that this Court should compel the arbitration of Counts I and II. However, Elkland argued that the Court should stay the case pending the outcome of arbitration. On December 22, 2014, Eagle, Davis, and Moore filed a joint reply asserting that the Court should decline to stay the case pending the arbitration of Counts I and II, should dismiss Counts I and II both because they are arbitrable and because they fail to state a claim for relief, and should dismiss Count IV because it fails to state a claim for relief. (ECF 30.) On February 6, 2015, Elkland informed the Court that Elkland and Eagle had proceeded to arbitration. (ECF 31.)

The only question that truly remains before the Court at this stage is whether the Court should dismiss the counts against Eagle, Davis, and Moore, or stay this case pending arbitration.[4]

---

[3] On December 8, 2014, Elkland moved for a four-day extension of the deadline for Elkland to respond to the motions to dismiss. Eagle, Davis, and Moore stipulated and agreed to the extension. For good cause shown, the Court **GRANTS** Elkland's motion for the extension [ECF 23] and considers timely Elkland's response, which was filed on the day of the stipulated deadline.

[4] In its motion to dismiss and compel arbitration, Eagle initially asserted that Elkland failed to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a)(1). It is undisputed and it clearly appears from the

3

> Section 3 of the Federal Arbitration Act ("FAA") provides as follows:
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Notwithstanding § 3's mandate that a court "shall" stay proceedings pending arbitration, federal circuit courts are divided as to whether § 3 requires a stay of litigation after referral to arbitration or whether a court retains the discretion to dismiss an action after all claims have been referred to arbitration. Several federal circuits have held that a stay is mandatory. *See*, *e.g.*, *Katz v. Cellco P'ship*, No. 14-138, 2015 WL 4528658, at *3 (2d Cir. July 28, 2015); *Cont'l Cas. Co. v. Am. Nat'l Ins.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005); *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269–71 (3d Cir. 2004); *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955–56 (10th Cir. 1994); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (per curiam). Other circuit courts have suggested that district courts enjoy the

---

Complaint that the diversity requirement is satisfied in this case, and the reply filed by Eagle, Davis, and Moore concedes that the amount in controversy requirement has been met. Although jurisdictional defects may not be waived, the Court has considered Eagle's arguments regarding the amount in controversy requirement and finds them to be without merit. Elkland's response noted that while its reclamation bond premium payments were $65,496 as of the date the Complaint was filed (*i.e.*, October 23, 2014), they had reached $73,796 as of December 5, 2014, and were expected to continue rising. "Damages which the plaintiff claims will accrue in the future are properly counted against the jurisdictional amount if a right to future payments will be adjudged in the present suit," and "plaintiffs . . . may rely upon costs to be incurred subsequent to the filing of the complaint but prior to trial in meeting the jurisdictional amount requirement." *Broglie v. MacKay-Smith*, 541 F.2d 453, 455 (4th Cir. 1976). *See also Lien v. H.E.R.C. Products, Inc.*, 8 F. Supp. 2d 531, 533 (E.D. Va. 1998). Elkland has already incurred $73,796 in monthly premiums for the reclamation bonds—$1,204 shy of the $75,000 requirement. In light of Elkland's allegation that it anticipates that it will be required to pay additional monthly premiums for the reclamation bonds, the $8,300 increase in such payments in the space of the six weeks between the filing of Elkland's Complaint and the filing of Elkland's response to the motions to dismiss, and the eight months that have transpired since the filing of Elkland's response, the Court is satisfied that the amount in controversy exceeds $75,000.
    Eagle also initially asserted that Elkland lacks standing to bring its claims and that Elkland's claims are not ripe, although these arguments were later abandoned in the reply briefing. These arguments, if Eagle still wishes to advance them, should be addressed to the arbitrator.

4

discretion to dismiss, rather than stay, a case when all of the issues before the court are arbitrable. *See*, *e.g.*, *Bercovitch v. Baldwin Sch.*, *Inc.*, 133 F.3d 141, 156 n.21 (1st Cir. 1998); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637–38 (9th Cir. 1988). In this circuit, the Court in *Hooters of Am., Inc. v. Phillips* stated that "[w]hen a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings." 173 F.3d 933, 937 (4th Cir. 1999) (citing 9 U.S.C. § 3). However, in *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, the Fourth Circuit acknowledged that "[n]otwithstanding the terms of § 3 [of the FAA] . . ., dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." 252 F.3d 707, 709–10 (4th Cir. 2001) (citing *Alford*, 975 F.2d at 1164). In *Aggarao*, the Fourth Circuit recognized that "[t]here may be some tension between our decision in *Hooters*—indicating that a stay is required when the arbitration agreement covers the matter in dispute—and *Choice Hotels*—sanctioning dismissal 'when all of the issues presented . . . are arbitrable'" but declined to resolve the issue, finding that even under *Choice Hotels*, dismissal was not appropriate, as the issues were not all subject to arbitration. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012).

      Here, Elkland and Eagle agree that Counts I and II are subject to arbitration and have proceeded to arbitration, presumably of the issues presented therein. Though it appears to arbitrable, it is unclear whether Count III has been submitted to arbitration; in any event the Complaint has not yet been served on the only party named in that count, as noted *supra*. However, the parties have not moved to compel arbitration as to Count IV, and neither party has argued or suggested that Count IV is subject to arbitration. As not all counts shall proceed to

5

arbitration, dismissal of this case is inappropriate and a stay of this matter pending the resolution of the arbitration proceedings is proper. *See U.S. ex rel. TBI Investments, Inc. v. BrooAlexa, LLC*, No. 2:14-CV-29074, 2015 WL 4727422, at *22 (S.D.W. Va. Aug. 10, 2015) (citing *Aggarao*, 675 F.3d at 376 n.18). Moreover, although Eagle, Davis, and Moore argue that the counts asserted against them should be dismissed for failure to state a claim upon which relief can be granted as pled, and independently of the arbitrability of the underlying issues, "non-arbitrable issues which depend on arbitrable issues should be stayed pending arbitration." *Summer Rain v. Donning Co./Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992).

Therefore, the Court **STAYS** all proceedings in this action pending arbitration until further order of this Court and **REMOVES** this case from the active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 20, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE